# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| PATSY CLINE ENTERPRISES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:21-cv-00518 |
| | ) | |
| MARK BAYLISS and VISUAL LINK | ) | District Judge William L. Campbell |
| INTERNET, L.C., | ) | Magistrate Judge Jeffery S. Frensley |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE

Now comes Plaintiff Patsy Cline Enterprises, LLC, ("Plaintiff" or the "Cline Estate") to respond in opposition to Defendant Mark Bayliss's ("Bayliss") Motion to Transfer Venue, (Dkt. No. 11) (the "Motion"). The Cline Estate respectfully requests that the Court preserve its properly-selected venue and keep this matter in the Middle District of Tennessee. In support of this Response, the Cline Estate states as follows:

## BACKGROUND

This lawsuit stems from Defendants' admitted cybersquatting on the domain name www.patsycline.com and its associated website. Patsy Cline was one of the most talented and famous country music artists of the twentieth century, releasing multiple award-winning albums and topping the Billboard Country Chart multiple times. By 2005, Patsy Cline's Greatest Hits had sold over 10,000,000 copies and was certified Diamond by the Recording Industry Association of America. Through Patsy Cline Enterprises, LLC—the Plaintiff in this case—Patsy's family continues her legacy. It owns all intellectual property interests and publicity rights in and to the "Patsy Cline" name, including "Patsy Cline" as an unregistered trademark.

For an extended period, and without the permission of the Cline Estate, Bayliss has operated www.patsycline.com. Prior to filing this lawsuit, the Cline Estate engaged in a protracted attempt to stop Bayliss's infringement. (*See* Compl., Dkt. 1, ¶¶ 25-51). Rather than abate his infringement or turn the infringing website and domain name over to the Cline Estate, Defendant attempted to extort exorbitant sums from the Cline Estate. (*See id.*). These communications took place on the telephone and online and include specific and direct contacts with Tennessee, which are the source of the Cline Estate's Complaint in this case. (*See id.*). That initial attempt to cease Defendant's infringement was ultimately unproductive. (*See id.*).

As a result of the foregoing, on July 7, 2021, the Cline Estate filed the Complaint in this matter, alleging claims of, *inter alia*, trademark infringement, violation of the Tennessee Protection of Personalized Rights Act, and violation of the federal Anticybersquatting Consumer Protection Act, (*See* Compl., Dkt. 1).

On August 4, 2021, Bayliss, acting *pro se*, filed an Answer to the Cline Estate's Complaint, (Dkt. 12), along with his one-page Motion to Transfer Venue, (Dkt. No. 11).[1] In support of his Motion to Transfer Venue, Bayliss states, *in toto*:

1. The claims allegedly arose in Winchester, Virginia;

2. The Defendant, Mark Bayliss, resides in Winchester, Virginia, and the principal place of business for Defendant, Visual Link, LC., is at 2308 Middle Road, Winchester, Virginia;

3. The Defendant, Visual Link, LC., is a limited liability company formed and registered under the laws of Virginia;

---

[1] The Answer, (Dkt. 11), and Motion to Transfer, (Dkt. 12), were filed by both Bayliss, individually, and Defendant Visual Link Internet, L.C. ("Visual Link"). This Court previously struck these pleadings as to Visual Link, ruling that these pleadings were impermissibly filed on behalf of Visual Link, as business entities are prohibited from being *pro se* litigants. (*See* Aug. 12, 2021, Order, Dkt. No. 14). As such, the Cline Estate treats the Motion to Transfer as being filed solely by Bayliss, but the arguments raised herein would be equally applicable to Visual Link, were the issue properly before the Court.

4. All necessary witnesses reside in Winchester, Virginia;

5. The domain name in question was purchased by the Defendant, Mark Bayliss, in Virginia;

6. The Defendants have no ties to Tennessee;

7. It would create great hardship for the Defendant, Mark Bayliss, to defend this lawsuit in Tennessee.

(Def.'s Mot. to Transfer, Dkt. 11, p. 1). As discussed below, these bare recitations provide an insufficient basis for a transfer of venue in this instance.

## LEGAL STANDARD

Motions to transfer venue are governed by 28 U.S.C. § 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." With this statute, "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." *Kerobo v. Sw. Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002). "In general, the standard of deference for a plaintiff's choice of a home forum permits dismissal only when the defendant 'establishes such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent.'" *Duha v. Agrium, Inc.*, 448 F.3d 867, 873-74 (6th Cir. 2006) (quoting *Koster v. American Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 524 (1947)).

## ARGUMENT

In reviewing a motion to transfer, the court balances case-specific factors, including the private interests of the parties and public-interest concerns, such as systemic integrity and fairness, which come under the rubric of "interests of justice." *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009); *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647, n.1 (6th Cir. 2006) (citation

3 of 9

Case 3:21-cv-00518   Document 15   Filed 08/18/21   Page 3 of 9 PageID #: 110

omitted). Private interests include: (1) the location of willing and unwilling witnesses; (2) the residence of the parties; (3) the location of sources of proof; (4) the location of the events that gave rise to the dispute; (5) systemic integrity and fairness; and (6) the plaintiff's choice of forum. *Stewart v. American Eagle Airlines, Inc.*, 2010 WL 4537039, at *2 (M.D. Tenn. Nov. 3, 2010); *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 962 (M.D. Tenn. 2008). Public interests include the enforceability of the judgment, practical considerations affecting trial management, docket congestion, local interest in deciding local controversies at home, public policies of the fora, and familiarity of the trial judge with the applicable state law. *Smith*, 578 F. Supp. 2d at 962. Transfer of venue is inappropriate where it serves only to shift inconvenience from one party to the other. *Heldman v. King Pharm., Inc.*, 2010 WL 5300875 at *2 (M.D. Tenn. Dec. 20, 2010).

"The onus of showing that a plaintiff's choice of forum is unnecessarily burdensome falls on the defendant," and it is a substantial one. *Heffernan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 498 (6th Cir. 2016); *Smith*, 578 F. Supp. 2d at 958. Unless the balance is strongly in favor of the defendant, a plaintiff's choice of forum should rarely be disturbed. *Reese*, 574 F.3d at 320; *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984). A defendant must therefore make a clear and convincing showing that the balance of convenience strongly favors an alternate forum. *See Doe v. United States*, 2017 WL 4864850, at *2 (M.D. Tenn. Oct. 26, 2017) (citing *Flores v. United States*, 142 F. Supp. 3d 279, 287 (E.D.N.Y. 2015)). In this case, Bayliss has failed to make such a clear and convincing showing.

I. **The Private Interest Factors Militate Against Transfer.**

The private interest factors militate in favor of keeping this matter in the Middle District of Tennessee. Defendant claims that "[a]ll necessary witnesses reside in Winchester, Virginia." *See* (Mot. to Transfer, Dkt. No. 11, ¶ 4). This claim is unsupported, and it is untrue. While Defendants

are residents of Virginia, the Plaintiff—and its members who are certainly essential witnesses in this case—are residents of Tennessee. Defendant points to specific "necessary witnesses" who reside in Virginia and who make transfer necessary. Because of this failure, the Court should deny Defendant's Motion. *See e.g.*, *Andwan v. Village of Greenhills, Ohio*, 2014 WL 7366110 at *2 (S.D. Oh. Dec. 24, 2014) (noting that the Court denied a motion to transfer venue where it was based on "unsupported accusations"); *Reed Elsevier, Inc. v. Innovator Corp*, 105 F. Supp. 2d 816, 822 (S.D. Oh. 2000) (denying a motion to transfer venue where the requesting party failed to provide any evidentiary support for the alleged basis for transfer).

Bayliss also alleges that both Defendants are residents of Virginia and that litigating in the Middle District of Tennessee "would create great hardship for the Defendant, Mark Bayliss, to defend this lawsuit in Tennessee." (Mot. to Transfer, Dkt. No. 11, ¶¶ 2, 3, 7). This does not support a transfer. In addition to his failure to provide any details beyond the mere recitation of these factors, Courts have consistently held that "[w]hen plaintiffs file suit in their home forum, convenience to the parties rarely, if ever, operates to justify transfer." *See e.g.*, *JTH Tax, Inc. v. Lee*, 482 F.Supp.2d 731, 738 (E.D. Va. 2007). "In general, the standard of deference for a plaintiff's choice of a home forum permits dismissal only when the defendant 'establishes such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent." *Duha v. Agrium, Inc.*, 448 F.3d 867, 873-74 (6th Cir. 2006). Here, it is no more of a burden for Defendant to litigate in Tennessee as it would be for the Cline Estate to litigate in Virginia. *See id.*. As such, the Court should deny Defendant's Motion.

Defendant further alleges that "[t]he claims alleged arose in Winchester, Virginia[,]" and, bizarrely, admits that "[t]he domain name in question was purchased by the Defendant, Mark

Bayliss, in Virginia[.]" (Mot. to Transfer, Dkt. No. 11, ¶¶ 1, 5). These claims are also unsupported and untrue. The crux of the Cline Estate's lawsuit is its claims for trademark infringement and cybersquatting, both of which consist of conduct that has occurred online or over the phone. This type of interstate conduct is not a sufficient basis for a transfer of venue. *See e.g.*, *General Motors Co. v. Dinatale*, 705 F. Supp. 2d 740, 753 (E.D. Mich. 2010) (finding that venue was appropriate in the plaintiff's home state, rather than the defendant's requested state, where "the events in this case took place in both states, with communications occurring by phone and the Internet"). Further, the federal statute for cybersquatting provides a non-exhaustive list of factors for the Court to consider in determining bad faith—a key element of a cybersquating claim. *See* 15 U.S.C. § 1125(d)(1)(B). Included among these factors is the defendant's "offer to transfer, sell, or otherwise assign the domain name to the mark owner…." *See id.*. Defendant has offered to do exactly that here, and his offer to do so was made to the Cline Estate in Tennessee. (*See* Compl., Dkt. 1, ¶¶ 25-51). The conduct giving rise to the Cline Estate's causes of action have taken place online, on the phone, in Virginia, and in Tennessee. Respectfully, this does not provide the Court with a sufficient basis to transfer this action in light of the heavy weight afforded to the plaintiff's choice of forum. *See e.g.*, *General Motors Co.*, 705 F. Supp. 2d at 753.

Lastly, Defendant alleges that neither he nor Visual Link have any ties to Tennessee. (*See* Mot. to Transfer, Dkt. No. 11, ¶¶ 6). This claim is untrue and unsupported by Defendant. The Court should deny a motion to transfer where a party fails to properly support its alleged basis for transfer. *See e.g.*, *Reed Elsevier, Inc*, 105 F. Supp. 2d at 822. Further, and as discussed above, the conduct that gives rise to the Cline Estate's claims primarily took place on the telephone and online and included contacts with Tennessee. (*See* Compl., Dkt. 1, ¶¶ 25-51). Defendant's bare recitation of this element—which is not explicitly a factor for the Court to consider in a venue transfer

motion—does not provide a basis for transfer here. *See e.g.*, *Reed Elsevier, Inc.*, 105 F. Supp. 2d at 822.

Most importantly, and unaddressed in Defendant's Motion, the Cline Estate chose to bring this action in this forum—its home forum. This decision should be given heavy weight. *See e.g.*, *Zions First Nat'l Bank v. Moto Diesel Mexicana, S.A. de C.V.*, 629 F.3d 520, 523-24 (6th Cir. 2010). Given the bare support that Defendant provides in his Motion, the Court should not disturb the Cline Estate's choice and should allow this matter to proceed in the Middle District of Tennessee. *See e.g.*, *Andwan*, 2014 WL 7366110 at *2.

In sum, Defendant has wholly failed to provide a sufficient basis for the transfer of this action with respect to the private interest factors, and those same factors weigh heavily in favor of the Middle District of Tennessee retaining this action. As such, the Court should deny Defendant's Motion.

**II.     The Public Interest Factors Militate Against Transfer.**

The public interest factors militate in favor of keeping this matter in the Middle District of Tennessee. The public interest factors include the enforceability of the judgment, practical considerations affecting trial management, docket congestion, local interest in deciding local controversies at home, public policies of the fora, and familiarity of the trial judge with the applicable state law. *See Smith*, 578 F. Supp. 2d at 962.

In this case, none of these factors are addressed by Defendant in his Motion. (*See* Mot. for Transfer, Dkt. 11). The Western District of Virginia provides no benefit over the Middle District of Tennessee with respect to any of these factors. Conversely, there is a local interest for the Middle District of Tennessee in deciding this controversy—as the Plaintiff is a Tennessee limited liability company with its principal place of business in the Middle District of Tennessee. *See e.g.*,

*Tailgate Beer, LLC v. Boulevard Brewing Company*, 2019 WL 2366948, at *6 (M.D. Tenn. Jun. 5, 2019) (denying a defendant's motion to transfer venue and finding, in the personal jurisdiction context, that "Tennessee has an interest in protecting a company, such as Plaintiff, whose principal place of business is in Tennessee."); *See Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 555 (6th Cir. 2007) ("Michigan clearly has an interest in protecting a company whose principal place of business is located in Michigan.").

Because of his wholesale failure to address the public interest factors—and because of Tennessee's interest in protecting a company with its principal place of business in Tennessee—Defendant has failed to meet the high burden imposed on motions to transfer venue, and his motion should be denied. *See e.g.*, *Andwan*, 2014 7366110 at *2.

## CONCLUSION

For the foregoing reasons, the Cline Estate respectfully requests that the Court deny Defendant Mark Bayliss's Motion to Transfer Venue and preserve the Cline Estate's properly-selected venue in the Middle District of Tennessee.

This the 18th day of August, 2021.

Respectfully submitted,

/s Jacob Clabo
Jay S. Bowen, TN BPR No. 2649
Lauren Spahn, TN BPR No. 32377
Jacob Clabo, TN BPR No. 36760
Shackelford Bowen McKinley & Norton, LLP
1 Music Circle South, Suite 300
Nashville, TN 37203
Tel: (615) 329-4440
Fax: (615) 329-4485
jbowen@shackelford.law
lspahn@shackelford.law
jclabo@shackelford.law

*Attorneys for Plaintiff Patsy Cline Enterprises, LLC*

## CERTIFICATE OF SERVICE

    I, Jacob Clabo, hereby certify that a true and accurate copy of *Plaintiff's Response in Opposition to Defendant's Motion to Transfer Venue* was served via electronic and U.S. Mail, postage prepaid, on August 18, 2021, to:

Mark Bayliss, *pro se*
Visual Link, L.C.
2308 Middle Road
Winchester, Tennessee 22601
Mbayliss@outlook.com

          /s Jacob Clabo